| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

| Case No. | **CV 11-7927-JFW (JCGx)** | Date: November 9, 2011 |
|---|---|---|
| Title: | Leopoldo A. Quiroz, et al. *-v-* Wells Fargo Bank, N.A., et al. | |

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

  On August 24, 2011, Plaintiffs Leopoldo A. Quiroz and Susan Herrera (collectively, "Plaintiffs") filed a Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), HSBC Bank USA, N.A. ("HSBC"), Fidelity National Title Insurance Company ("FIdelity"), American Title Insurance Company ("American Title"), First American Trustee Servicing Solutions, LLC f/k/a First American Loanstar Trustee Services, LLC ("First American") in Los Angeles Superior Court.  On September 23, 2011, Defendants Wells Fargo and HSBC filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the parties invoking federal jurisdiction, Wells Fargo and HSBC bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Wells Fargo and HSBC have not met their burden of demonstrating that the parties are completely diverse and that Fidelity has been fraudulently joined, this action

shall be remanded.

According to the Notice of Removal, both Plaintiff and Fidelity are citizens of California. Wells Fargo and HSBC argue, however, that Fidelity has been fraudulently joined, and thus that its presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court finds that Wells Fargo and HSBC have not carried their heavy burden of demonstrating that Fidelity has been fraudulently joined. In their Complaint, Plaintiffs allege claims for violation of California Business & Professions Code § 17200, violation of California Business & Professions Code § 17500, and wrongful foreclosure against Fidelity. Wells Fargo and HSBC argue in their Notice of Removal that "[a]s Fidelity no longer has any connection to this loan and has no role in the foreclosure activity, no claim can be stated against it, and Fidelity is a fraudulently joined defendant." Notice of Removal, 8:13-15. However, Plaintiffs specifically allege in their Complaint that some of the purportedly unlawful, unfair, and fraudulent acts occurred before Fidelity was substituted out as trustee. *See, e.g.,* Complaint, ¶ 26. Therefore, the Court cannot conclude at this stage that Plaintiffs have no possibility of prevailing on their claims against Fidelity.

Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.